The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert N. Goldstein, Goldstein/Habeeb Entertainment, Inc. and Cheaters, Ltd.

## DEFENDANTS
Tommy Habeeb

**(b)** County of Residence of First Listed **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Timothy W. Sorenson
1717 Main Street, Suite 4050
Dallas, Texas 75201-4639
(214) 698-8599

Attorneys (If Known)
Andrew Bergman
4514 Travis Street, Suite 300
Dallas, Texas 75205
214-528-2444

3 04 CV - 677 - P

APR - 1 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | x 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | x 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | x 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | x 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Preliminary and permanent injunction under *28 U.S.C. §1651*
Copyright infringement, breach of fiduciary duty and business disparagement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  x No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 3/31/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 1 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., Plaintiffs | § § § § § § § § § § | 3 0 4 C V - 6 7 7 - P<br><br>CAUSE NO. _____ |
| vs. | | |
| TOMMY HABEEB Defendant | | |

**ORIGINAL COMPLAINT FOR PRELIMINARY
AND PERMANENT INJUNCTION
WITH BRIEF OF AUTHORITIES**

**I.
Parties**

1.01  Plaintiff, Robert N. Goldstein (Goldstein), is a citizen of the State of Texas and a resident of Dallas County. Plaintiff, Goldstein/Habeeb/McCalmont Entertainment, Inc., formerly known as, Goldstein/Habeeb Entertainment, Inc (GHE) is a corporation organized under the laws of the State of Texas whose principle place of business is in Dallas, Dallas County, Texas. Plaintiff, Cheaters, Ltd. (Cheaters) is a limited partnership formed under the laws of the State of Texas whose principle place of business is in Dallas, Dallas County, Texas.

1.02  Defendant, Tommy Habeeb, is a resident of Dallas, Dallas County, Texas.

**II.
Jurisdiction and Venue**

2.01  This Court had subject matter jurisdiction over the Plaintiffs' claims in the first proceeding pursuant to 28 U.S.C. §1338(a), and had pendent jurisdiction over the Plaintiff's common law claims in the first proceeding because the federal and common law claims arose out of a common nucleus of operative facts. *United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966).* In addition, this Court has jurisdiction to grant the relief requested herein

1

pursuant to the All Writs Act, *28 U.S.C. §1651*, in aid of its judgment previously entered in Cause No. 3-03-CV-0266N (the first proceeding)

2.02  This Court has venue of this cause pursuant to 28 U.S.C. §1391(b)(1).

2.03  All conditions precedent to the filing of this action have been performed or have occurred.

### III.
### Operative Facts

3.01  On or about February 6, 2003, each Plaintiff herein jointly filed suit against the Defendant in the United States District Court for the Northern District of Texas, Dallas Division, in Cause No.3-03-CV-0266N (the "Federal Action") asserting claims against the Defendant for copyright and trademark infringement, for breach of the Defendant's fiduciary duty as a director of GHE, for usurpation of GHE's corporate opportunities, and for disparaging the business of GHE. A true copy of the Plaintiff's operative pleading in the Federal Action is attached hereto as Exhibit "A" and is incorporated herein by reference.

3.02  On or about December 30, 2003, Defendant filed his First Amended Answer to Plaintiffs' First Amended Complaint in the Federal Action, wherein Defendant admitted that the Plaintiffs' tort claims arose out of a common nucleus of operative facts as Plaintiffs' infringement claims. A true copy of the Defendant's First Amended Answer to Plaintiffs' First Amended Complaint is attached hereto as Exhibit "B" and is incorporated herein by reference.

3.03  Cause No. 3-03-CV-0266N was resolved by Agreed Judgment against the Defendant entered on January 6, 2004. A true copy of the Agreed Judgment in the Federal Action is attached hereto as Exhibit "C" and is incorporated herein by reference.

3.04  On December 17, 2003, three weeks before agreeing to the Agreed Judgment in Cause No. 3-03-CV-0266N, Defendant filed suit against all of the Plaintiffs herein and against their attorney in the 193rd District Court for Dallas County Texas in Cause No. 03-13229-L (the "State Court Action"). A true copy of the Plaintiff's Original Petition filed in the State Court Action is attached hereto as Exhibit "D" and is incorporated herein by reference.

3.05  Defendant failed to serve the State Court Action on any of the Defendants therein before

January 28, 2004, which was three weeks after Defendant had signed the Agreed Judgment in the Federal Action. (See affidavit of Timothy W. Sorenson at Exhibit "E" attached hereto and incorporated herein by reference).

3.06  During the course of the Federal Action, Defendant answered interrogatories affirmatively stating that Defendant then had claims against the Plaintiffs for breach of contract. A true copy of the Defendant's Answers to Interrogatories is attached to Sorenson's affidavit at Exhibit "E" and is incorporated herein by reference.

3.07  During the course of the Federal Action, Defendant was deposed and testified to the effect that he was asserting claims against Goldstein for breach of fiduciary duty. A true copy of the relevant portions of Defendant's testimony is attached to Sorenson's affidavit at Exhibit "E" and is incorporated herein by reference.

3.08  During the course of the Federal Action the parties exchanged approximately 2000 pages of documents covering the period from February, 1998, through March, 2003. (See affidavit of Timothy W. Sorenson at Exhibit "E" attached hereto and incorporated herein by reference).

3.09  Defendant does not have and never has had any interest in and to Cheaters. Ltd.. A true copy of the Limited Partnership Agreement is attached hereto as Exhibit "F" and incorporated herein by reference.

3.10  Prior to the filing of the State Court Action, Defendant has never dissented from the actions taken by the Board of Directors that he now complains of in the State Court Action as required by the *Texas Business Corporation Act, §§5.10 and 5.11.*

## IV.
## Applicable Law

4.01  Under the All Writs Act, a federal court has the power to enjoin a party from attempting to relitigate the same issues or related issues precluded by the principles of *res judicata* and collateral estoppel in federal court. *Kinnear-Weed Corp. v. Humble Oil & Refining Co., 441 F.2d 631, 637 (5th Cir.), cert. denied, 404 U.S. 941, 30 L. Ed. 2d 255, 92 S. Ct. 285 (1971); Kentucky Fried Chicken, Corp. v. Diversified Packaging, 552 F.2d 601, 603 (5th Cir. 1977);*

see also *Santopadre v. Pelican Homestead & Sav. Assn.*, 937 F.2d 268, 273 (5th Cir. 1991); 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE P 131.53 (3d ed. 1997). Accordingly, a federal court may issue an injunction to restrain the parties from pursuing such issues in another court. *Life Insurance Co. V. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998) citing 7 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1717, at 616; New York; *Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 484 n.49 (E.D. La. 1960); and *28 U.S.C.A. § 2283* revision notes (West 1994). This is a widely recognized exception to the Anti-Injunction Act, *28 U.S.C. § 2283* which prohibits a federal court from granting an injunction to stay proceedings in a state court "except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.".

4.02 Federal law determines a judgment's preclusive effect. *Recoveredge L.P. v. Pentecost*, 44 F.3d 1284, 1290 & n.11 (5th Cir. 1995). An agreed judgment has the same effect as a judgment on the merits after an adversarial proceeding. Defendant's Agreed Judgment is entitled to full *res judicata* effect. *United States v. Shenbaum*, 10 F3d. 305, 313 (5th Cir. 1994).

4.03 *Res judicata* is a judicially-created doctrine that has long been applied by the federal courts to prevent repeated litigation of the same claims and issues by the same parties. In addition to protecting litigants from the burden and vexation of multiple lawsuits, the doctrine fosters judicial economy and promotes the finality and certainty of judgments. *See Allen v. McCurry*, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980) (recognizing that *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.") Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). For *res judicata* to apply four conditions must be satisfied. First, the parties in the subsequent action must be identical to, or in privity with, the parties in the prior action. Second, the judgment in the prior case must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded

with a final judgment on the merits. Fourth, both suits must involve the same claim or cause of action *Ellis v. American Life Insurance Co., 211 F.3d 935, 937 (5th Cir. 2000).*; *Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).* With respect to the final condition, whether the same claim or cause of action is involved in both suits, the Fifth Circuit applies a transactional test of the Restatement § 24. *B.R. Eubanks, M.D. v. Federal Deposit Ins. Corp., 977 F.2d 166, 171 (5th Cir. 1992).* Under this approach, the critical issue is whether the two actions are based on the "same nucleus of operative facts." *Id.* This inquiry requires the court to look at the factual predicate of the claims asserted, not the legal theories upon which a plaintiff relies.

4.04 Collateral estoppel "'is limited to matters distinctly put in issue, litigated, and determined in the former action.'" *Brister v. A.W.I., Inc., 946 F.2d 350, 354 (5th Cir. 1991)* (quoting *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co., 430 F.2d 38, 45 (5th Cir. 1970)).* Collateral estoppel encompasses three elements: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier action." *Recoveredge, 44 F.3d at 1290;* see *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 932 (5th Cir. 1999),* petition for cert. filed, *67 U.S.L.W. 3643* (U.S. Apr. 12, 1999); *Meza v. General Battery Corp., 908 F.2d 1262, 1273 (5th Cir. 1990).* Moreover, the legal standard used to assess the issue must be the same in both proceedings. See *Recoveredge, 44 F.3d at 1291.* However, the actual claims and the subject matter of each suit may differ. See *id.* Finally, "unlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties." *Meza, 908 F.2d at 1273.* It does not matter that the claims in each suit are different, or that the subject matter of each suit is different, so long as the issue litigated in each suit is identical. See *Recoveredge, 44 F.3d at 1291* ("Collateral estoppel will apply in a second proceeding that involves separate claims if the claims involve the same issue . . . and the subject matter of the suits may be different as long as the requirements for collateral estoppel are met."); *RESTATEMENT (SECOND) OF JUDGMENTS § 27* (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final

judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.") (emphasis added). There need not be complete identity of parties for collateral estoppel to apply. See *Meza, 908 F.2d at 1273*; see also *Royal Ins. Co. v. Quinn-L Capital Corp., 960 F.2d 1286, 1289, 1291, 1297 (5th Cir. 1992)* (applying collateral estoppel principles in upholding injunction under relitigation exception even though parties enjoined in second action were not identical to those in first action that was deemed to have preclusive effect).

4.05  The principles of *res judicata* and collateral estoppel apply to a compulsory counterclaim, and a failure to plead the counterclaim bars a party to a federal judgment from bringing what is otherwise a compulsory counterclaim as a later independent action. *See Dillard v. Security Pac. Brokers, Inc., 835 F.2d 607, 609 (5th Cir. 1988); Cleckner, v. Republic Van and Storage Company, Inc., 556 F.2d 766 (5th Cir.1977; and Ake v. Chancey, 149 F.2d 310 (5th Cir. 1945). Dillard* stresses that causes of action that arose before suit was filed are barred. All of the causes of action asserted by Defendant in the State Court Action arose before the filing of the Federal Action, except those asserted against Sorenson, which arose during the pendency of the Federal Action.

4.06  Compulsory counterclaims are addressed by Federal Rule of Civil Procedure 13(a), which reads:

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In making a determination of whether a claim is a compulsory counterclaim, courts should ask (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support



or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *Park Club, Inc. v. Resolution Trust Corp., 967 F.2d 1053, 1058 (5th Cir.1992)* (citing *Plant v. Blazer Finan. Servs., 598 F.2d 1357, 1360 (5th Cir.1979)*). If any of these four questions results in an affirmative answer then the counterclaim is compulsory. *Id.*

4.07 "A counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1, 94 S. Ct. 2504, 2506 n. 1, 41 L. Ed. 2d 243 (1974); Cleckner v. Republic Van & Storage Co., supra at 768-69.*

4.08 Though not a party to the Federal Action, Sorenson, as the Plaintiff's attorney, was patently in privity with each of the Plaintiffs. "Parties in privity count as identical parties for federal *res judicata* purposes." *Bradley v. Armstrong Rubber Co., 130 F.3d 168, 179 (5th Cir. 1997).*

This is especially true where, as in the Federal Action, the Defendant was under an affirmative duty to bring to this Court's attention Sorenson's alleged fraudulent actions and conflict of interest of which Defendant now complains in the State Court Action. See *Texas Disciplinary Rules of Professional Conduct, Rules 3.03(a)(2), 8.03(a), and 8.04(a)*

4.09 In the absence of injunctive relief, Plaintiffs and Sorenson will suffer irreparable harm through the costs and expenses, including attorneys' fees, in defending themselves in the State Court Actions. In the absence of injunctive relief, Plaintiffs and Sorenson will suffer irreparable harm because they will be denied the benefits of the Agreed Judgment in their favor from this Court. In the absence of injunctive relief, Plaintiffs and Sorenson will suffer irreparable harm because of the uncertainty whether the State Court will properly, timely, consistently, and correctly apply the doctrines of *res judicata* and collateral estoppel to the claims and issues pending in the State Court Action. If injunctive relief is granted, the Defendant will suffer no harm because his interests were protected by his participation in the Federal Action. The risk of harm to Plaintiffs and Sorenson, in the absence of the requested injunctive relief, outweighs the risk of harm to the Defendant if the requested injunctive relief is granted. The important public policy of achieving judicial economy will be served by granting the requested injunctive relief because it is more efficient that the contested

issues of privity, *res judicata* and collateral estoppel be decided by one court rather than several. The important public policies underlying the doctrines of *res judicata* and collateral estoppel, achieving finality and certainty following contentious litigation, will be served by granting the requested injunctive relief. The important public policies underlying federalism, including the avoidance of unnecessary friction between federal and state courts in the interpretation and application of the decisions of this Court and the Fifth Circuit, would be served by granting the requested injunctive relief. Plaintiffs and Sorenson are entitled to an order and injunctive relief because the Defendant is using the State Court Action as a tactic to avoid the preclusive effect of this Court's January 6, 2004, Agreed Judgment. The requested injunctive relief is proper pursuant to the All Writs Act, *28 U.S.C. § 1651*, the "Relitigation Exception" to the Anti-Injunction Act, *28 U.S.C. § 2283*, *FED. R. CIV. P. 65*, and this Court's inherent powers.

4.10. The Supreme Court has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co., 434 U.S. 159, 172, 54 L. Ed. 2d 376, 98 S. Ct. 364 (1977)*. Similarly, it is well settled that a federal district court can exercise jurisdiction "over a second action in order 'to secure or preserve the fruits and advantages of a judgment or decree rendered' by that court in a prior action". *Newby v. Enron Corp., 302 F.3d 295, 300 (5th Cir. 2002)*; *Royal Ins. Co. v. Quinn-L Capital Corp., 960 F.2d 1286, 1292 (5th Cir. 1992)*. "It is a given that the district court, with jurisdiction over [the original federal action], has subject matter jurisdiction to issue an injunction to preserve and protect its jurisdiction." *Newby, 302 F.3d at 300-01*. "Such jurisdiction is appropriate where the effect of an action filed in state court would effectively nullify the judgment of a prior federal action. This is true even where the federal district court would not have jurisdiction over the second action if it had been brought as an original suit." *Royal Ins., 960 F.2d at 1292* (citations and internal quotation marks omitted); *see Southwest Airlines Co. v. Tex. Int'l Airlines, Inc., 546 F.2d 84, 90 (5th Cir. 1977)*; *see also id.* ("Without this doctrine, judgments of federal courts would have little effect whenever later circumstances would

preclude a party from reestablishing independent jurisdiction."); Wright, Miller & Cooper, FED. PRAC. & PROC., Juris. 2d § 4226.

## V.
## Arguments

5.01   The transactional period of time involved in both the Federal Action and the State Court Action is February, 1998, through March, 2003.

5.02   The transactional relationship involved in both the Federal Action and the State Court Action is Defendant's participation as a director and shareholder of GHE and GHE's relationship with Goldstein and Cheaters, Ltd. during the transactional period.

5.03   The nucleus of operative facts in the Federal Action and the State Court Action is identical. The facts are governed by the same 2000 pages of documents produced in the Federal Action.

5.04   In the Federal Action Plaintiffs complained of Defendant's business disparagement of Goldstein and GHE when Defendant published the statement, "I can tell you directly and simply, I did not leave the show by choice, but to the contrary I have been forced out by unlawful greed to which I cannot fully comment on due to pending litigation.". Defendant admitted publishing that statement before the Federal Action was filed against Defendant. Truth is an absolute defense to the business disparagement complained of by Plaintiffs in the Federal Action. *Forbes v. Granada Biosciences, Inc.* 124 S.W.3d 167, (Tex.2003); *Basic Capital management, Inc. v. Dow Jones & Company,* 96 SW3d 475, 480-81 (Tex..Civ.App.-Austin, 2002, no writ). One can only assume that the breach of fiduciary duties, the conversion, the corporate waste, the gross negligence, the tortuous interference and the conspiracies about which the Defendant complains in the State Court Action constitute the "unlawful greed" to which Defendant referred in the aforesaid statement. As absolute defenses to the Plaintiffs' claims for business disparagement, such claims were compulsory counterclaims in the Federal Action.

5.05   In their First Amended Complaint for Damages, Interpleader and Permanent Injunction filed

in the Federal Action, Plaintiffs put the license agreements between Goldstein and GHE and Cheaters, Ltd. directly into contention:

> 3.04 On or about August 10, 1998, Goldstein granted an exclusive license to the original program concept GHE for the purpose of developing and producing a television video tape to be used as a pilot for the publication, sale and syndication of the original program concept. GHE produced the program concept pilot film and published it in October 1998.
>
> 3.05 On or about August 25, 1999, with Goldstein's consent, GHE assigned its exclusive license to the program concept to Cheaters for the purpose of developing and producing a television video tape series to be sold, published and syndicated from the original program concept. Cheaters has produced, developed and published sixty one-hour films from the original concept, and is in the process of producing additional television video tapes from the original program concept. The program has been broadcast locally and nationally, is a "hit," and has a substantial audience.

Defendant's claims of breach of contract and breach of the license agreements were therefore compulsory counterclaims in the Federal Action.

5.06 Plaintiffs sought and obtained equitable relief in the Federal action. The defense of "unclean hands" is an affirmative defense to an equitable claim. "Unclean hands" is the very essence of the Defendant's State Court Action. The Defendant's claims of breach of fiduciary duties, conversion, corporate waste, gross negligence, tortuous interference and conspiracies asserted in the State Court Action would constitute "unclean hands", an absolute defense to the Plaintiffs' claim for equitable relief and compulsory counterclaims in the Federal Action.

5.07 That Defendant knew of all of his claims against the Plaintiffs before he agreed to the Agreed Judgment is evidenced by the filing of the State Court Action three weeks before the Agreed Judgment was entered.

5.08. In the State Court Action Defendant sues the Plaintiffs herein derivatively of Defendant's rights as a shareholder in GHE. Defendant has no standing to assert derivative claims against the Plaintiffs herein, as "It is generally recognized that a stockholder who has acquiesced or participated in the acts giving rise to his claim has no standing to vindicate the rights of the

corporation in the derivative action. . . . . The rule is designed, among other things, to prevent speculation by the stockholder on the results of corporate transactions, with the object of accepting the advantages if they turn out well or challenging them if they are not beneficial." *Bartels*, Citing *Rosenfeld v. Schwitzer Corporation, 251 F. Supp. 758, 762 (S.D. N.Y. 1966); George v. LeBlanc, 78 F.R.D. 281,285 (N.D.Tex.1977)*.

5.09 Defendant is not now, and never has been a limited partner in Cheaters, Ltd.. Defendant therefore has no standing to assert claims, if any, belonging to Cheaters, Ltd. *Tex.Bus.Org. Code, §153.402.*

## VI.
## Relief Sought

6.01 Plaintiffs request that Defendant be summoned to appear herein.

6.02 Plaintiffs request that the Court, as soon as possible after the appearance of the Defendant herein, set this matter for hearing on Plaintiffs' request for preliminary injunction.

6.03 Upon notice and hearing, Plaintiffs request the Court enter its preliminary injunction enjoining Defendant from pursuing the State Court Action, or any of Defendant's claims stated in the State Court Action during the pendency of this suit.

6.04 Upon final hearing hereof, Plaintiffs request that the Court permanently enjoin Defendant from pursuing the State Court Action, or any of Defendant's claims stated in the State Court Action.

Respectfully submitted,

Timothy W. Sorenson, Esquire
State Bar No.18848400
1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 698-8599
Fax: (214) 698-5999
Attorney for Plaintiff, Robert N. Goldstein

Joined by:

*/s/ Norton Rosenthal*

Norton Rosenthal
Texas Bar No. 17281520
1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 743-4150
Fax: (214) 743-4151
Attorney for Plaintiff, Cheaters, Ltd.

PAUL M. HOOD, P.C.

By: *_____*
Paul M. Hood
Texas Bar No. 09943440

1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 373-3214
Fax: (214) 373-0843
Attorney for Plaintiff,
Goldstein/Habeeb/McCalmont Entertainment, Inc.

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: *Alison Moore by Timothy Sorenson*
Alison H. Moore        w/permission
State Bar No. 09836500

Plaza of the Americas
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Ph:(214) 871-8200
Fax: (214) 871-8209

C:\TWS\Goldstein\v. Sorenson\pleadings\Fed Complaint.wpd

12