

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
MAY 1 3 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| GOLDSTEIN/HABEEB | § | |
| ENTERTAINMENT, INC., and | § | |
| CHEATERS, LTD., | § | |
| Plaintiffs | § | CAUSE NO. 304CV-677-P |
| | § | |
| vs. | § | |
| | § | |
| TOMMY HABEEB | § | |
| Defendant | § | |

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Robert N. Goldstein (Goldstein), Goldstein/Habeeb/McCalmont Entertainment, Inc. (GHE) and Cheaters, Ltd. (Cheaters) file this Brief in support of Plaintiffs' Motion for Summary Judgment, and in support of same would respectfully show the following:

### I.
### Operative Facts

The summary judgment evidence herein is comprised of the pleadings on file and the affidavits and exhibits attached hereto. The summary judgment evidence shows the following:

1.01 On or about February 6, 2003, each Plaintiff herein jointly filed suit against the Defendant in the United States District Court for the Northern District of Texas, Dallas Division, in Cause No.3-03-CV-0266N (the "Federal Action") asserting claims against the Defendant herein for copyright and trademark infringement, for breach of the Defendant's fiduciary duty as a director of GHE, for usurpation of GHE's corporate opportunities, and for disparaging the business of GHE. (See Appendix, Tab A).

1.02 On or about December 30, 2003, Defendant filed his First Amended Answer to Plaintiffs' First Amended Complaint in the Federal Action, wherein, at Paragraph 3, Defendant admitted that the Plaintiffs' tort claims arose out of a common nucleus of operative facts

as Plaintiffs' infringement claims. Nowhere in that pleading did Defendant ever challenge any of the Plaintiffs' authority to bring such action. (See Appendix, Tab B)

1.03 The Federal Action was resolved by Agreed Judgment against the Defendant entered on January 6, 2004. (See Appendix, Tab C).

1.04 On December 17, 2003, three weeks before agreeing to the Agreed Judgment in the Federal Action, the Defendant herein filed suit against all of the Plaintiffs and against their Federal Action attorney in the 193rd District Court for Dallas County, Texas, in cause no. DV-03-13229 (the "State Court Action"). (See Appendix, Tab D).

1.05 The State Court Action was not served on any of the Defendants herein until January 28, 2004, which is three weeks after Plaintiff had signed the Agreed Judgment in the Federal Action. (See Appendix, Tab E).

1.06 During the course of the Federal Action, Defendant answered interrogatories affirmatively stating, under oath, that Defendant then had claims against the Plaintiffs for breach of contract. (See Appendix, Tab E-1).

1.07 During the course of the Federal Action, Defendant was deposed and testified to the effect that he was asserting claims against Goldstein for breach of fiduciary duty. (See Appendix, Tab E-2).

1.08 During the course of the Federal Action the parties exchanged approximately 2000 pages of documents covering the period from February, 1998, through March, 2003. (See Appendix, Tab E).

1.09 Plaintiff does not have, and never has had, any interest in and to Cheaters. Ltd.. (See Appendix, Tab F).

1.10 Sorenson does not now and never has represented the Defendant. (See Appendix, Tab E)

## II.
## Applicable Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court views the evidence in a light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist., 113*

*F.3d 528, 533 (5th Cir. 1997)*. The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. *Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)*. A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)*. Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex, 477 U.S. at 322-23*.

### III.
### Applicable Law

Defendant is barred by the doctrines of res judicata, collateral estoppel and judicial estoppel from recovering on any of the claims Defendant asserts in the State Court Action:

3.01   Under the All Writs Act, a federal court has the power to enjoin a party from attempting to relitigate the same issues or related issues precluded by the principles of *res judicata* and collateral estoppel in federal court. *Kinnear-Weed Corp. v. Humble Oil & Refining Co., 441 F.2d 631, 637 (5th Cir.), cert. denied, 404 U.S. 941, 30 L. Ed. 2d 255, 92 S. Ct. 285 (1971); Kentucky Fried Chicken, Corp. v. Diversified Packaging, 552 F.2d 601, 603 (5th Cir. 1977); see also Santopadre v. Pelican Homestead & Sav. Assn., 937 F.2d 268, 273 (5th Cir. 1991);* 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE P 131.53 (3d ed. 1997). Accordingly, a federal court may issue an injunction to restrain the parties from pursuing such issues in another court. *Life Insurance Co. V. Deshotel, 142 F.3d 873, 879 (5th Cir. 1998)* citing 7 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1717, at 616; New York; *Pan Am. Fire & Cas. Co. v. Revere, 188 F. Supp. 474, 484 n.49 (E.D. La. 1960);* and *28 U.S.C.A. § 2283* revision notes (West 1994). This is a widely recognized exception to the Anti-Injunction Act, *28 U.S.C. §2283* which prohibits a federal court from granting an injunction to stay proceedings in a state court "except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.".

3.02   Federal law determines a judgment's preclusive effect. *Recoveredge L.P. v. Pentecost, 44 F.3d 1284, 1290 & n.11 (5th Cir. 1995)*. An agreed judgment has the same effect as a judgment on the merits after an adversarial proceeding. Defendant's Agreed Judgment is

entitled to full *res judicata* effect. *United States v. Shenbaum, 10 F3d. 305, 313 (5th Cir. 1994).*

3.03 *Res judicata* is a judicially-created doctrine that has long been applied by the federal courts to prevent repeated litigation of the same claims and issues by the same parties. In addition to protecting litigants from the burden and vexation of multiple lawsuits, the doctrine fosters judicial economy and promotes the finality and certainty of judgments. *See Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)* (recognizing that *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.") *Res judicata* precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992).* For *res judicata* to apply four conditions must be satisfied. First, the parties in the subsequent action must be identical to, or in privity with, the parties in the prior action. Second, the judgment in the prior case must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded with a final judgment on the merits. Fourth, both suits must involve the same claim or cause of action *Ellis v. American Life Insurance Co., 211 F.3d 935, 937 (5th Cir. 2000).; Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).* With respect to the final condition, whether the same claim or cause of action is involved in both suits, the Fifth Circuit applies a transactional test of the Restatement § 24. *B.R. Eubanks, M.D. v. Federal Deposit Ins. Corp., 977 F.2d 166, 171 (5th Cir. 1992).* Under this approach, the critical issue is whether the two actions are based on the "same nucleus of operative facts." *Id.* This inquiry requires the court to look at the factual predicate of the claims asserted, not the legal theories upon which a plaintiff relies.

3.04 Collateral estoppel "'is limited to matters distinctly put in issue, litigated, and determined in the former action.'" *Brister v. A.W.I., Inc., 946 F.2d 350, 354 (5th Cir. 1991)* (quoting *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co., 430 F.2d 38, 45 (5th Cir. 1970)).* Collateral estoppel encompasses three elements: "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been

a necessary part of the judgment in that earlier action." *Recoveredge, 44 F.3d at 1290;* see *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 932 (5th Cir. 1999),* petition for cert. filed, *67 U.S.L.W. 3643* (U.S. Apr. 12, 1999); *Meza v. General Battery Corp., 908 F.2d 1262, 1273 (5th Cir. 1990).* Moreover, the legal standard used to assess the issue must be the same in both proceedings. See *Recoveredge, 44 F.3d at 1291.* However, the actual claims and the subject matter of each suit may differ. See *id.* Finally, "unlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties." *Meza, 908 F.2d at 1273.* It does not matter that the claims in each suit are different, or that the subject matter of each suit is different, so long as the issue litigated in each suit is identical. See *Recoveredge, 44 F.3d at 1291* ("Collateral estoppel will apply in a second proceeding that involves separate claims if the claims involve the same issue . . . and the subject matter of the suits may be different as long as the requirements for collateral estoppel are met."); *RESTATEMENT (SECOND) OF JUDGMENTS § 27* (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.") (emphasis added). There need not be complete identity of parties for collateral estoppel to apply. See *Meza, 908 F.2d at 1273;* see also *Royal Ins. Co. v. Quinn-L Capital Corp., 960 F.2d 1286, 1289, 1291, 1297 (5th Cir. 1992)* (applying collateral estoppel principles in upholding injunction under relitigation exception even though parties enjoined in second action were not identical to those in first action that was deemed to have preclusive effect).

3.05 The principles of *res judicata* and collateral estoppel apply to a compulsory counterclaim, and a failure to plead the counterclaim bars a party to a federal judgment from bringing what is otherwise a compulsory counterclaim as a later independent action. *See Dillard v. Security Pac. Brokers, Inc., 835 F.2d 607, 609 (5th Cir. 1988); Cleckner, v. Republic Van and Storage Company, Inc., 556 F.2d 766 (5th Cir.1977;* and *Ake v. Chancey, 149 F.2d 310 (5th Cir. 1945). Dillard* stresses that causes of action that arose before suit was filed are barred. All of the causes of action asserted by Defendant in the State Court Action arose before the filing of the Federal Action, except those asserted against Sorenson, which arose during the pendency of the Federal Action.

3.06  Compulsory counterclaims are addressed by Federal Rule of Civil Procedure 13(a), which reads:

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In making a determination of whether a claim is a compulsory counterclaim, courts should ask (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim. *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir.1992) (citing *Plant v. Blazer Finan. Servs.*, 598 F.2d 1357, 1360 (5th Cir.1979)). If any of these four questions results in an affirmative answer then the counterclaim is compulsory. *Id.*

3.07  "A counterclaim which is compulsory but is not brought is thereafter barred." *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S. Ct. 2504, 2506 n. 1, 41 L. Ed. 2d 243 (1974); *Cleckner v. Republic Van & Storage Co., supra* at 768-69.

3.08  Though not a party to the Federal Action, Sorenson, as the Plaintiff's attorney therein, was patently in privity with each of the Plaintiffs. "Parties in privity count as identical parties for federal *res judicata* purposes." *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997).This is especially true where, as in the Federal Action, the Defendant was under an affirmative duty to bring to this Court's attention Sorenson's alleged fraudulent actions and conflict of interest Defendant now complains of in the State Court Action. See *Texas Disciplinary Rules of Professional Conduct, Rules 3.03(a)(2), 8.03(a), and 8.04(a)*

### III.
### Arguments

4.01    The transactional period of time involved in both the Federal Action and the State Court Action is February, 1998, through March, 2003.

4.02    The transactional relationship involved in both the Federal Action and the State Court Action is Defendant's participation as a director and shareholder of GHE and GHE's relationship with Goldstein and Cheaters, Ltd. during the transactional period.

4.03    The nucleus of operative facts in the Federal Action and the State Court Action is identical. The facts are governed by the same 2000 pages of documents produced in the Federal Action.

4.04    In the Federal Action Plaintiffs complained of Defendant's business disparagement of Goldstein and GHE when Defendant published the statement, "I can tell you directly and simply, I did not leave the show by choice, but to the contrary I have been forced out by unlawful greed to which I cannot fully comment on due to pending litigation.". Defendant admitted publishing that statement before the Federal Action was filed against Defendant. Truth is an absolute defense to the business disparagement complained of by Plaintiffs. *Forbes v. Granada Biosciences, Inc. 124 S.W.3d 167, (Tex.2003); Basic Capital management, Inc. v. Dow Jones & Company, 96 SW3d 475, (Tex..Civ.App.-Austin, 2002)*. One must presume that the breach of fiduciary duties, the conversion, the corporate waste, the gross negligence, the tortious interference and the conspiracies about which the Defendant complains in the State Court Action constitute the "unlawful greed" to which Plaintiff referred in the aforesaid quote. As absolute defenses to the Plaintiffs' claims for business disparagement, such claims were compulsory counterclaims in the Federal Action.

4.05    In their First Amended Complaint for Damages, Interpleader and Permanent Injunction filed in the Federal Action, Plaintiffs put the license agreements between Goldstein and GHE and Cheaters, Ltd. directly into contention:

> 3.04    On or about August 10, 1998, Goldstein granted an exclusive license to the original program concept to GHE for the purpose of developing and producing a television video tape to be used as a pilot for the publication, sale and syndication of the original program concept. GHE

          produced the program concept pilot film and published it in October 1998.

3.05    On or about August 25, 1999, with Goldstein's consent, GHE assigned its exclusive license to the program concept to Cheaters for the purpose of developing and producing a television video tape series to be sold, published and syndicated from the original program concept. Cheaters has produced, developed and published sixty one-hour films from the original concept, and is in the process of producing additional television video tapes from the original program concept. The program has been broadcast locally and nationally, is a "hit," and has a substantial audience.

Defendant's claims of breach of contract and of the license agreements herein were therefore compulsory counterclaims in the Federal Action.

4.06    Plaintiffs sought and obtained equitable relief. The defense of "unclean hands" is an affirmative defense to Plaintiffs' equitable claims in the Federal Action. *Sugar Busters, L.L.C. v. Brennan, 177 F.3d 258* (5th Cir. 1999). "Unclean hands" is the very essence of the Defendant's claims in the State Court Action. The Defendant's claims of breach of fiduciary duties, conversion, corporate waste, gross negligence, tortuous interference and conspiracies asserted in this action constitute "unclean hands" as a matter of law and an absolute defense to the Plaintiffs' claims for equitable relief. Defendant's claims were therefore compulsory counterclaims in the Federal Action.

4.07    That Defendant knew of all of his claims against the Plaintiffs before he agreed to the Agreed Judgment is evidenced by the filing of the State Court Action three weeks before the Agreed Judgment was entered.

4.08    Defendant is not now, and never has been, a limited partner in Cheaters, Ltd.. Defendant therefore has no standing to assert claims, if any, belonging to Cheaters, Ltd. *Tex.Bus.Org. Code, §153.402.*

4.09    Sorenson owed no duty to Habeeb. *Barcelo v. Elliott, 923 SW2d 575,579(Tex.1996).*

## IV.
## Relief Sought

Plaintiffs request that the Court enter summary judgment permanently enjoining Defendant from pursuing the State Court Action, or any of Defendant's claims stated in the State Court Action in any other court.

Plaintiff's Motion for Summary Judgment

Respectfully submitted,

_____
Timothy W. Sorenson, Esquire
State Bar No. 18848400
1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 698-8599
Fax: (214) 698-5999
Attorney for Defendant, Robert N. Goldstein


JOINED BY:

_____
Norton Rosenthal
Texas Bar No. 17281520
1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 743-4150
Fax: (214) 743-4151
Attorney for Plaintiff, Cheaters, Ltd.


PAUL M. HOOD, P.C

By: _____
       Paul M. Hood
       Texas Bar No. 09943440

1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 373-3214
Fax: (214) 373-0843
Attorney for Plaintiff,
Goldstein/Habeeb/McCalmont Entertainment, Inc.


Plaintiffs' Motion for Summary Judgment

9

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Motion for Summary Judgment has been served by hand delivery or certified mail, return receipt requested, upon all counsel of record in the above-styled and numbered cause in accordance with Rule 5, Federal Rules of Civil Procedure, on this _13th_ day of _May_, 2004.

_____
Timothy W. Sorenson

Case 3:04-cv-00677-B Document 7 Filed 05/13/04 Page 11 of 11 PageID 37