


JUN - 3 2004

CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., <br> Plaintiffs <br><br> vs. <br><br> TOMMY HABEEB, <br> Defendant. | § § § § § § § § § § § | CAUSE NO. 304CV-677-P |

## DEFENDANT'S RESPONSE AND BRIEF TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT AND SUPPORTING BRIEF

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Tommy Habeeb, individually, ("Defendant"), Defendant in the above-entitled and numbered cause, and hereby files this Defendant's Response and Brief to Plaintiffs' Motion for Summary Judgment and Cross Motion For Summary Judgment and Supporting Brief (the "Cross Motion"), and shows the Court as follows:

### I.

### Defendant's Response and Cross Motion For Summary Judgment

1.  Defendant moves for denial of Plaintiff's motion for summary judgment and for entry of summary judgment in Defendant's favor, declaring that Plaintiffs take nothing by their complaint and that Defendant be granted judgment.

1

2. This Response and Cross Motion is made on the ground that there is no genuine issue as to any material fact with respect to Plaintiffs' claims, and that Defendant is entitled to judgment in his favor on Plaintiffs' claims as a matter of law.

3. This Response and Cross Motion is based on the pleadings filed with the Court in this action, on the attached Affidavit of Andrew A. Bergman and the exhibits thereto, and on the memorandum of points and authorities cited herein.

## II.

## Objections To Plaintiffs' Summary Judgment Evidence

4. Defendant objects to the fifth paragraph of Timothy W. Sorenson's Affidavit (Exhibit "E" to Plaintiffs' Motion) in that Sorenson's statements as to what the corporate minute book says is heresay.

5. Defendant further objects to Sorenson's statements about what the "records" reflect as such statements are also heresay.

## III.

## Introduction

6. Plaintiffs Robert N. Goldstein ("Goldstein"), Goldstein/Habeeb Entertainment, Inc. ("GHE"), and Cheaters, Ltd. ("Cheaters")(sometimes collectively referred to herein as "Movants" or "Plaintiffs"), filed their Plaintiffs' Motion For Summary Judgment on or about May 13, 2004 (the "Motion"). The standards for review of a motion for summary judgment are well established. Summary judgment is proper when the record establishes that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Hill v. London, Stetelman, & Kirkwood, Inc.*, 906 F.2d 204, 207 (5th Cir.1990). In order to prevail on a

motion for summary judgment, Movants have the burden of demonstrating that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). The Court views the evidence in a light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5$^{th}$Cir. 1997). The summary judgment evidence as set forth below establishes that there exist genuine issues of material fact and, therefore, Movants' Motion should fail as a matter of law. Furthermore, the summary judgment evidence set forth establishes that Defendant Tommy Habeeb is entitled to summary judgment on his Cross Motion as a matter of law.

## IV.

## Factual Background

7. On or about December 2, 2003, Plaintiff Robert Goldstein, Plaintiff Goldstein/Habeeb Entertainment, Inc., and Plaintiff Cheaters, Ltd. filed their First Amended Complaint for Damages, Interpleader, and Permanent Injunction in Civil Action, Cause No. 3-03-CV-0266N in the United States District Court for the Northern District of Texas (the "First Federal Action") against Tommy Habeeb, an individual. A true and correct copy of the Complaint is attached as Exhibit "A" to Movants' Motion. As set forth in the Amended Complaint, Plaintiff Goldstein sought a declaration that he was the sole owner of the copyright of the original program and concept for a television series called "Cheaters" as well as other intellectual property rights associated therewith. Plaintiffs Goldstein/Habeeb Entertainment, Inc. and/or Cheaters, were the licensees of such copyrights, and as such brought claims related to the alleged infringement of such copyrights by Mr. Habeeb, the former star of the show and a shareholder in Goldstein/Habeeb Entertainment, Inc. The First Federal Action was resolved by an Agreed Judgment.

3

8. On or about December 17, 2003, prior to the entry of the Agreed Judgment, Tommy Habeeb, as a shareholder of GHE, filed a derivative action against Movants in the 193rd District Court of Dallas County (the "State Action"). Tommy Habeeb brought derivative claims against Plaintiffs herein as a shareholder of GHE for the outrageous abuses and self dealing by Goldstein against the nominal parties GHE and Cheaters as set forth in the Petition on file with the state court, as well as claims against Plaintiffs' attorney, Timothy W. Sorenson, for various alleged unlawful acts including negligence, fraud, and various conspiratorial acts with Goldstein. The claims asserted in the State Action are owned only by these entities and not by Mr. Habeeb individually and are properly before that Court in that manner. A true and correct copy of Plaintiff's First Amended Petition in the State Action is attached to the Affidavit of Andrew Bergman as Exhibit "1" thereto.

9. On or about January 6, 2004, the First Federal Action was settled by the entrance of an Agreed Judgment (the "Agreed Judgment"), resolving all issues and claims brought in the First Federal Action. A true and correct copy of the Agreed Judgment is attached to Movants Motion as Exhibit "C".

10. On or about April 1, 2004, Plaintiffs brought this action, Cause No. 304CV-677-P (the "Second Federal Action"), seeking an injunction against the prosecution of the State Action by Tommy Habeeb, as a shareholder of GHE.

11. On or about April 2, 2004, these Plaintiffs sought a summary judgment in the State Action on the identical basis that they seek by this Motion For Summary Judgment. Plaintiffs' motion for summary judgment was heard by the state court on May 17, 2004 and such motion was denied. A true and correct copy of these Plaintiffs' motion for summary judgment in the State Action is attached as Exhibit "2" to the Bergman Affidavit.

V.

**<u>Summary Judgment Evidence</u>**

12. Movants' Motion should fail as a matter of law for any one and all of the following reasons:

   1. The derivative claims set forth in the State Action were not compulsory counterclaims in the First Federal Action because Habeeb was and is acting in a different capacity in each action.

   2. The parties to the State Action are not identical and/or not in privity with, the parties in the First Federal Action, which is a requirement for res judicata to apply.

   3. The claims brought by Plaintiff in the State Action do not arise out of the same nucleus of facts as the claims brought by Goldstein, GHE, and Cheaters in the First Federal Action, which is a requirement for res judicata to apply.

   4. The facts sought to be litigated in the State Action were not fully and fairly litigated in the First Federal Action, which is a requirement for collateral estoppel to apply.

   5. The facts sought to be litigated in the State Action were not essential to the Agreed Judgment in the First Federal Action, which is a requirement for collateral estoppel to apply.

   6. The parties in the State Action were not cast as adversaries in the First Federal Action, which is a requirement for collateral estoppel to apply.

   7. There is no competent summary judgment evidence by which the Court could find that judicial estoppel applies as Movants have provided no argument, no authority, and no evidence regarding the affirmative defense of judicial estoppel.

VI.

5

### Summary of Argument

13. Mr. Habeeb was not compelled to bring the derivative claims he has brought in the State Action in his derivative capacity in the First Federal Action wherein he was a defendant in his individual capacity only. Additionally, the doctrines of collateral estoppel, res judicata, and judicial estoppel are not applicable in this case.

### VII.

### ARGUMENT AND AUTHORITIES

14. In the Motion, Movants claim that Habeeb's derivative claims are barred by the doctrines of res judicata, collateral estoppel, and judicial estoppel. For the reasons shown herein, Movants are not entitled to summary judgment as none of those doctrines are applicable or act to bar the claims brought in the State Action.

15. By this Cross Motion, Defendant would show the Court that there exists no issue of material fact as to why Habeeb's derivative claims are properly before the 193rd District Court of Dallas County, Texas and were not compulsory counterclaims in the First Federal Action nor barred by res judicata, collateral estoppel, or judicial estoppel.

### THE SHAREHOLDER DERIVATIVE CLAIMS BROUGHT IN THE STATE ACTION WERE NOT COMPULSORY COUNTERCLAIMS TO THE FIRST FEDERAL ACTION BECAUSE OF THE DIFFERENCE IN HABEEB'S CAPACITY

16. As set forth above, Habeeb was sued in his individual capacity in the First Federal Action for alleged trademark violations, disparagement and breach of fiduciary duty as such duty related to the alleged trademark issues. In the State Action, Habeeb, as a shareholder and only as a shareholder of GHE, has brought derivative claims on behalf of the corporation against Goldstein and Sorenson.

By the derivative nature of the State Action claims, GHE and Cheaters are nominal defendants but actual plaintiffs.

17. The Fifth Circuit and the Northern District have long recognized the distinction between lawsuits involving parties in their individual versus their representative capacities and have consistently held that res judicata does not apply to a situation where a party appears in one action in an individual capacity and in a subsequent action in a representative capacity. *Clark v. Amoco Production Co.*, 794 F.2d 967, 973 (5th Cir.1986). *See also Hamilton Group, Inc. v. Welch*, 1997 WL 560775 *2, *3 (N.D.Tex.1997) (wherein Judge Buchmeyer of the District Court for the Northern District of Texas reiterated the rule that for a counterclaim to be compulsory it must be against an opposing party in the same capacity).

18. The United States Supreme Court has also opined on this issue. In the matter of *Bender v. Williamsport Area School District*, the Supreme Court held that a school board member did not even have standing to appeal in his individual capacity when he was sued in his official capacity. *Bender v. Williamsport Area School District*, 475 U.S. 534 (1986).

19. Texas state law is also consistent with this notion that for a claim to be a compulsory counterclaim, it must be against opposing parties in the same capacity. *Ingersoll-Rand Company v. Valero Energy Corporation*, 997 S.W.2d 203, 207 (Tex.1999); *Robertson v. Melton's Estate*, 306 S.W.2d 811, 813 (Tex.App.–Beaumont 1956). Since Habeeb was sued in the First Federal Action in his individual capacity, he was not required to bring shareholder derivative claims in his representative capacity. It therefore follows that because the State Action claims were not compulsory to the First Federal Action, all of Movants' claims based on res judicata and collateral estoppel fail, and Defendant is entitled to judgment as a matter of law.

## RES JUDICATA

20. The Fifth Circuit Court of Appeals, in the case of *Howell Hydrocarbons, Inc. v. Adams*, has held that when a suit is decided in federal court, res judicata under federal law will bar a later state court proceeding only if: (1) the parties are identical in both suits; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same cause of action is involved in both cases. *Howell Hydocarbons, Inc. v. Adams,* 897 F.2d 183, 188 (5th Cir.1990); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir.2000). Plaintiffs in this matter base their res judicata arguments for summary judgment on three faulty premises: (i) that Defendant's claims in a representative capacity in the State Action had to be brought as compulsory counterclaims in the First Federal Action; (ii) that the parties are identical in both the First Federal Action and the State Action and (iii) that the causes of action in the State Action are the same as the causes of action involved in the First Federal Action. None of these elements are met in this case.

### The Parties To The First Federal Action Are Not Identical To, Or In Privity With, The Parties To The State Action

21. The Fifth Circuit has held that res judicata does not apply when parties appear in one action in a representative or derivative capacity and in another action in an individual capacity, as is the case here. *Id.*; *Clark v. Amoco Production Co.*, 794 F.2d 967, 973 (5th Cir.1986). *See also* 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 131.40[2][a] (3d ed. 2002) (stating that a "person appearing in different legal capacities may bring or defend multiple actions involving the same transaction or occurrence without being bound by or entitled to the benefits of the claim preclusion doctrine."). *See also* the Restatement (Second) of Judgments § 36(2) (1982) (stating that "a party appearing in an action in one capacity, individual or representative, is not

thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity."). Movants know that res judicata only applies in cases where there is an identity of parties (or, at the very least, privity) in the First Federal Action and the State Action. For the reasons shown herein, such party alignment is not present in this matter, and is one of several reasons why none of the State Action claims as set forth in the Original Petition and First Amended Petition in the State Action are compulsory counterclaims that are barred by res judicata.

### Plaintiffs' Attorney, Sorenson, Was Not A Party To The First Federal Action

22. In the Motion, Plaintiffs claim that the claims against their attorney, Timothy Sorenson ("Sorenson") in the State Action, should be enjoined by this Court along with all other State Action claims. Plaintiffs contend that Sorenson is in privity to Plaintiffs as their attorney in the First Federal Action. Sorenson is not entitled to have the State Action claims against him enjoined by this Court under the doctrine of res judicata because he was not a party to the First Federal Action, nor was he in privity to Plaintiffs in the First Federal Action by representing them as their attorney. Sorenson did not on his own behalf appear or bring any claims against anyone in the First Federal Action, nor does he in this Second Federal Action, which Defendants admit in the Motion. See Motion, page 6 paragraph 3.08. However, Plaintiffs attempt to argue that Sorenson was "patently in privity" with the rest of the Movants herein by having represented the other Movants in the First Federal Action. Sorenson cites no law supporting this contention.

23. At least one Texas appellate court has held that an attorney-client relationship does not establish privity for res judicata purposes under similar circumstances. The court in *Continental Savings Association v. Collins* held that "[the attorney] has cited no law to this court to support his

9

contention that an attorney is in privity with his client. It would be a surprise to this court and to the lawyers of the State of Texas to learn that by virtue of mere representation a lawyer establishes privity with his client". *Continental Savings Association v. Collins*, 814 S.W.2d 829, 832 (Tex.App.—Houston 1991). Therefore, no claims in the State Action against Sorenson may be either barred as compulsory counterclaims in the State Action by res judicata as he was not a party to the First Federal Action, nor was he in privity to the other Movants herein according to Texas law by mere representation of them in the First Federal Action.

### **Plaintiff Tommy Habeeb, In His Capacity As A Shareholder of GHE, Was Not A Party To The First Federal Action, And Need Not and Perhaps Could Not Bring Derivative Claims In That First Federal Action**

24. Habeeb's State Action claims against Sorenson, Goldstein, GHE (as a nominal defendant therein), and Cheaters (as a nominal defendant therein) are not barred by the doctrine of res judicata as the first element of the doctrine, the "identical parties" element, is not met in this case due to the fact that Tommy Habeeb as a shareholder of GHE was not a party to the First Federal Action. Defendant concedes that Goldstein, GHE, and Cheaters were Plaintiffs in the First Federal Action. Defendant concedes that Tommy Habeeb individually was the defendant in the First Federal Action. However, the actual plaintiff in the State Action is GHE and not Tommy Habeeb, individually. Therefore, the *Howell Hydrocarbons* and *Clark* holdings provide that in the Fifth Circuit, res judicata does not apply when a party appears in an action in a derivative capacity and in another action in an individual capacity.

25. Texas courts have commonly held that when a shareholder brings a derivative action such as the State Action, he is bringing that action on behalf of the corporation itself, and the real party

in interest is in fact the corporation itself. *Prudential-Bache Securities, Inc. v. Matthews*, 627 F.Supp. 622 (S.D.Tex.1986); *Gaubert v. Hendricks*, 679 F.Supp. 622, 624 (N.D.Tex.1988). GHE is an indispensable party to such litigation, and therefore is required as a nominal defendant even though any judgment in the case would run in its favor. *Motorola, Inc. v. Chapman*, 761 F.Supp. 458, 461 (S.D.Tex.1991). Therefore, whereas GHE was plaintiff in the original action against Tommy Habeeb individually, in the State Action action GHE and Cheaters are in fact only nominal defendants and in fact are the plaintiffs against Sorenson and Goldstein. Had Habeeb brought these derivative claims in the original action, GHE would have trully been in the anamolous and untenable position of being substantially on both sides of the controversy, as a plaintiff and a counter-plaintiff. For these reasons, Tommy Habeeb as a shareholder of GHE brings these derivative claims in the State Action. Such derivative claims are not barred by the doctrine of res judicata as there is not an "identical party" issue.

### The Causes of Action In The State Action Are Not The Same As The Causes of Action In the First Federal Action

26. Movants are furthermore not entitled to summary judgment on the basis of res judicata as they fail to satisfy the fourth and final test for res judicata, i.e. that the causes of action in the State Action are the same as the causes of action in the First Federal Action. This Court should follow the transactional approach as outlined by the Fifth Circuit in *In re Intelogic Trace, Inc.* and *Ellis v. Amex Life Ins. Co.* in determining whether or not the same causes of action involved in the First Federal Action are involved here. Under this transactional approach, the Court is to find that same claims apply in both cases "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding and usage."

11

*Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir.2000); *In re Intelogic Trace, Inc.*, 200 F.3d at 386 & n. 3 (5th Cir.2000); *Stasan, Inc. v. Network Staffing Services, Inc.*, 2004 WL 915788 *4 (N.D.Tex.2004). This transactional test requires the Court to determine whether the cases share the same nucleus of operative facts. *Id.* The essential facts of the First Federal Action were whether Mr. Habeeb's alleged selling of t-shirts and other de minimis acts violated intellectual property rights. The State Action invokes systematic unbridled acts of self dealing by Goldstein against GHE and Cheaters.

## COLLATERAL ESTOPPEL

27. Movants plead the affirmative defense of collateral estoppel as an alternative ground to res judicata by which the Court may enjoin Habeeb's State Action claims, yet Movants provide no actual argument in the Motion in support of collateral estoppel in this case aside from stating the elements of the affirmative defense. Collateral estoppel, or issue preclusion, prevents relitigation of particular issues already adjudicated in a prior suit between those parties or those who stand in privity to them. Movants must establish that (1) the issues at stake in the State Action are identical to the ones involved in the First Federal Action; (2) those issues were actually litigated in the First Federal Action and (3) the determination of the issues in the First Federal Action were a necessary part of the judgment in the First Federal Action. *RecoverEdge, L.P. v. Pentecost,* 44 F.3d 1284, 1290-91 (5th Cir. 1995). Movants did not, and cannot, fashion a compelling argument on any of the three prongs described above for why they claim that collateral estoppel should bar Habeeb derivative claims in the State Action. For the reasons shown herein, Movants' attempt to use the issues examined and adjudicated in the First Federal Action to bar the raising of wholly different issues in the State Action must fail.

### The Issues Sought To Be Litigated In The State Action Were Not Litigated In The First Federal Action

28. Movants claim that the nucleus of operative facts in the First Federal Action and the State Action are identical, and governed by the documents produced in the First Federal Action. This contention could not be less accurate. Plaintiffs in the First Federal Action sued Tommy Habeeb, individually, for copyright infringement, business disparagement, and breach of fiduciary duty for allegedly infringing upon the Cheaters copyrights and trademarks, and for allegedly making disparaging statements about Plaintiff Goldstein in that action.

29. The State Action does not involve copyrights or business disparagement in any fashion or form. GHE asserts in the State Action the claims for breach of contract, breach of fiduciary duty, conversion, negligence/gross negligence, request for an accounting and appointment of a receiver, corporate waste, and conspiracy against Goldstein and in some respects Sorenson in the State Action as a result of the various actions and deeds of these Movants in mismanaging Plaintiff GHE's affairs, usurping corporate funds, and otherwise looting the assets of Plaintiff GHE. Movants cite not one instance in which the Court in the First Federal Action fully and fairly litigated issues brought to the Court's attention in the State Action. In sum, Movants are attempting to use the First Federal Action involving the alleged sale of t-shirts and disparaging statements by Tommy Habeeb individually to bar a different party (i.e. GHE) from bringing these wholly unrelated claims to be tried by the State Action Court.

### No Issues Litigated In The First Federal Action Are At Issue Here

30. Similarly, Movants cannot invoke the doctrine of collateral estoppel as Movants cannot show that the second prong required for a finding of collateral estoppel has been met. The issues litigated

in the First Federal Action involved copyright infringement and business disparagement. The factual basis for the Agreed Judgment which Tommy Habeeb, individually, entered into with the plaintiffs in that First Federal Action concerned certain disparaging remarks allegedly made by him, and certain merchandise allegedly sold by him which violated the rights of certain parties in copyrights. The facts essential to the judgment in the First Federal Action were included in the Agreed Judgment, and a cursory review of the Agreed Judgment reveals how wholly unrelated the facts at issue in the First Federal Action are to Habeeb's derivative State Action claims. Again it is important not to obscure the facts, as Movants attempt, that the parties to the State and First Federal Actions are different.

### Plaintiff's Standing To Sue on Behalf of Cheaters, Ltd.

31. Movants contend in paragraph 4.08 of their Motion that "Defendant is not now, and never has been, a limited partner in Cheaters, Ltd. Defendant therefore has no standing to assert claims, if any, belonging to Cheaters, Ltd." This assertion is misleading. Defendant is Tommy Habeeb, individually. The plaintiff in the State Action is GHE and GHE is the rightful general partner of Cheaters, Ltd. (See the Limited Partnership Agreement of Cheaters, Ltd., attached as Exhibit "F" to Movants' Motion). GHE, as general partner, therefore does have standing to assert claims belonging to Cheaters in the State Action. The Texas Revised Limited Partnership Act provides that a partner may sue on behalf of a limited partnership such as Cheaters. TEX.REV.CIV. STAT. ANN. ART. 6132a-1 §§ 10.01-10.05. For all of the above reasons, Tommy Habeeb as a shareholder of GHE may bring the State Action claims, as GHE is the general partner of Plaintiff Cheaters.

### Habeeb's Derivative Standing To Sue Timothy Sorenson

14

32. Movants conclude their argument in the Motion For Summary Judgment by asserting in paragraph 4.09 that "Sorenson owed no duty to Habeeb." Defendant does not contest that Sorenson did not owe a duty to a non-client (that is, Tommy Habeeb, individually), yet, again, Tommy Habeeb, individually, is not the plaintiff in the State Action. The plaintiff in the State Action is Tommy Habeeb, derivatively as a shareholder of GHE. Therefore, the real plaintiff in the State Action is GHE, according to *Prudential-Bache Securities, Inc. v. Matthews* and *Gaubert v. Hendricks*. Sorenson, as an attorney, in fact owed a fiduciary duty to his client, GHE, the actual plaintiff in the State Action. *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1998); *Hall v. White, Getgey & Meyer Co., L.P.A.*, 2001 1910546 (W.D.Tex.2001). GHE was attorney Sorenson's client with regards to the matters complained of in the State Action. Movants have not challenged nor sumitted any summary judgment evidence contesting the factual allegations asserted in the State Action. Therefore, Movants' contention in paragraph 4.09 of the Motion, that Sorenson owed no duty to Habeeb, while true, confuses whom exactly the parties are in this lawsuit. Sorenson owed a fiduciary duty to GHE with regards to all matters which Sorenson handled for GHE.

## VII.
### CONCLUSION

33. Movants ignore the fact that the State Action is a shareholder derivative action and, as such, the claims asserted in the State Action belong to GHE and not Mr. Habeeb in his individual capacity. Movants have failed to address such issue and establish no basis why such derivative claims had to be brought as compulsory claims in the First Federal Action.

## VIII.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Tommy Habeeb respectfully requests that this Court deny Plaintiffs' Motion for Summary Judgment in all things, grant Defendant's Cross-Motion For Summary Judgment in all things, and award Defendant such other and further relief, in equity or in law, to which he may be justly entitled.

                                                   Respectfully submitted,

                                                   **BERGMAN & BIRD, L.L.P.**

                                                   Andrew A. Bergman
                                                 State Bar No. 02196300
                                                 Paul A. Sartin
                                                 State Bar No. 24034668
                                                 4514 Travis Street, Suite 300
                                                 Dallas, Texas 75205
                                                 Telephone (214) 528-2444
                                                 Facsimile (214) 599-0602

                                                 **ATTORNEYS FOR DEFENDANT**
                                                 **TOMMY HABEEB**

## CERTIFICATE OF SERVICE

I, Andrew A. Bergman, do hereby certify that a true and correct copy of the foregoing document has been served on the following via the method indicated on this the 3rd day of June, 2004.

Andrew A. Bergman

| | |
|---|---|
| Mr. Timothy W. Sorenson<br>1717 Main Street, Suite 4050<br>LB #39<br>Dallas, Texas 75201 | **VIA HAND DELIVERY** |
| Mr. Norton Rosenthal<br>1717 Main Street, Suite 5500<br>Dallas, Texas 75201 | **VIA HAND DELIVERY** |
| Ms. Alison Moore<br>Thompson Coe Cousins & Irons, LLP<br>Plaza of the Americas<br>700 North Pearl Street, 25th Floor<br>Dallas, Texas 75201 | **VIA HAND DELIVERY** |
| Mr. Paul Hood<br>1717 Main Street, Suite 5500<br>Dallas, Texas 75201 | **VIA HAND DELIVERY** |