IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, | § | |
| GOLDSTEIN/HABEEB | § | |
| ENTERTAINMENT, INC., and | § | |
| CHEATERS, LTD., | § | |
| Plaintiffs | § | CAUSE NO. 304CV-677-P |
| | § | |
| vs. | § | |
| | § | |
| TOMMY HABEEB | § | |
| Defendant | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND**
**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**WITH AUTHORITIES**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Robert N. Goldstein (Goldstein), Goldstein/Habeeb/McCalmont Entertainment, Inc. (GHE) and Cheaters, Ltd. (Cheaters) file this their response to the Defendant's Motion for Summary Judgment and reply to Defendant's response to Plaintiffs' motion for summary judgment, and in support of same would respectfully show the following:

**I.**
**Defendant's Motion for Summary Judgment**

Defendant erroneously contends that he is entitled to summary judgment because:

1.01 He is suing in the State Court Action only in his representative capacity, derivatively as a shareholder of GHE, but was only sued by Plaintiffs in the Federal Action in his individual capacity; and,

1

1.02  His claims in the State Court Action were not compulsory counterclaims in the Federal Action.

Defendant's motion is without merit; instead, Plaintiffs are entitled to summary judgment.

**II.**
**Plaintiffs' Response to**
**Defendant's Motion for Summary Judgment**

2.01  Judge Sam Cunningham, in his comprehensive and erudite opinion in *Dow Agrosciences, LLC v. Bates, 5:01-CV-331-C (N.D.Tex. 2003)* (*Dow II*), sets forth a compendium of the law applicable to facts substantially the same as those found in this lawsuit. In the original case, *Dow Agrosciences, LLC v. Bates, 205 F. Supp.2d 623 (N.D.Tex. 2003)* (*Dow I*), the plaintiff, DAS, obtained summary judgment against multiple defendants for declaratory relief in an effort to have the Court determine the parties' rights and obligations under applicable federal law. After the federal suit had been filed but before summary judgment had been granted, the defendants sued DAS in multiple state courts. After summary judgment was entered, but while the original case was on appeal, DAS filed *Dow II* seeking equitable relief under the All Writs Act, *28 U.S.C. §1651*, permanently enjoining all defendants, and others who were in privity with them, from prosecuting the multiple state court actions against DAS. The relief was granted in *Dow II*. The legal principals in *Dow II* are the same as those raised herein by the Defendant, and a true copy of that opinion is provided herewith as Exhibit "G" in Plaintiffs' supplemental appendix.

2.02  **Does Defendant's representative capacity in the State Court Action shield Defendant from the preclusive effect of the Federal Judgment to which he was a party in his**

**individual capacity?** No! All of the matters required by Local Rule 56.5 will be set forth in the brief accompanying this motion.

2.03 **Were Defendant's State court claims compulsory counterclaims in the Federal Action?** Yes! All of the matters required by Local Rule 56.5 will be set forth in the brief accompanying this motion.

2.04 **Public policy.** Oddly enough, Defendant, in his Response to Plaintiffs' Motion for Summary judgment filed herein, provides the Court with its most compelling reason for granting the injunctive relief sought herein. There, at page 4, paragraph 11, he states:

> On or about April 12, 2004, these Plaintiffs sought a summary judgment in the State Action on the identical basis that they seek by this Motion For Summary Judgment. Plaintiffs' motion for summary judgment was heard by the state court on May 17, 2004, and such motion was denied...

As Judge Cunningham stated in *Dow II, page 38*, "The law cannot tolerate the risk that even one state court might carve out some exception to *res judicata* and collateral estoppel and allow the action before it to proceed. 'A single positive trumps all the negatives. Even if just one judge in ten [fails to find preclusion], then . . . the probability that at least one will [allow a state action to proceed] is 65% ($0.9^{10} = 0.349$).'" Quoting from *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763, 766-767 (7th Cir. 2003).

### III
### Defendant's Claims Against Sorenson

3.01 The issue of whether Sorenson is entitled to benefit from the application of *res judicata* to the facts of this case is one of first impression. Plaintiffs have found no reported case that either favors such a proposition or denies it. All of the matters required by Local Rule 56.5 will be set forth in the brief accompanying this motion.

**Prayer.** Plaintiffs request that the Court enter summary judgment permanently enjoining Defendant from pursuing the State Court Action, or any of Defendant's claims stated in the State Court Action in any other court.

Respectfully submitted,

Timothy W. Sorenson, Esquire
State Bar No.18848400

1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 698-8599
Fax: (214) 698-5999
Attorney for Defendant, Robert N. Goldstein

JOINED BY:

Norton Rosenthal
Texas Bar No. 17281520
1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 743-4150
Fax: (214) 743-4151
Attorney for Plaintiff, Cheaters, Ltd.

Paul M. Hood
Texas Bar No. 09943440
1717 Main Street, Suite 5500
Dallas, Texas 75201
Ph: (214) 373-3214
Fax: (214) 373-0843
Attorney for Plaintiff,
Goldstein/Habeeb/McCalmont Entertainment, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Response to Defendant's Motion for Summary Judgment has been served by hand delivery or certified mail, return receipt requested, upon all counsel of record in the above-styled and numbered cause in accordance with Rule 5, Federal Rules of Civil Procedure, on this 30th day of June, 2004

_____
Timothy W. Sorenson