UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT N. GOLDSTEIN, GOLDSTEIN/HABEEB ENTERTAINMENT, INC., and CHEATERS, LTD., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 04-CV-0677-B |
| TOMMY HABEEB, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

By this action Plaintiffs ask this Court to enjoin, under the All Writs Act and Anti-Injunction Act, Defendant from prosecuting a pending state court action against them and their attorney. Plaintiffs maintain that because the claims and issues involved in the state court action should have been brought as compulsory counterclaims in an earlier federal court suit that they brought against Defendant, principles of *res judicata*, collateral estoppel, and judicial estoppel should operate to bar Defendant from proceeding in the state court case. The parties have filed cross motions for summary judgment on these issues. For the reasons that follow, the Court DENIES Plaintiffs' motion and GRANTS Defendant's motion.

### I. Factual and Procedural Background

On February 6, 2003, Plaintiffs Robert N. Goldstein, Goldstein/Habeeb/McCalmont Entertainment, Inc., f/k/a Goldstein/Habeeb Entertainment, Inc. ("GHE") and Cheaters, Ltd. filed suit against Defendant Tommy Habeeb in the United States District Court for the Northern District

1

of Texas (the "First Federal Action"). Judge David C. Godbey presided. On December 2, 2003, Plaintiffs filed an amended complaint asking the Court to declare Goldstein the sole owner of the copyright for the concept for the television show "Cheaters", and to declare him the owner of certain trademarks and names associated with the show. (Pls.' App. at Tab A, p. 5). Plaintiffs also alleged that Habeeb committed trademark infringement and business disparagement, and that he breached fiduciary duties owed to GHE by usurping GHE's corporate opportunities. (Pls.' App. at Tab A, pp. 5-7). The First Federal Action was resolved by an agreed judgment entered by Judge Godbey on January 6, 2004. (Pls.' App. at Tab C).

Before the agreed judgment was entered, Habeeb, as a shareholder of GHE, filed suit against Plaintiffs herein and against Timothy Sorenson (Plaintiffs' legal counsel in this case and in the First Federal Action) on December 17, 2003 in the 193rd Judicial District Court of Dallas County (the "State Action"). In Habeeb's First Amended Original Petition in the State Action he asserts claims against Goldstein for breach of contract, breach of fiduciary duty, and conversion, and claims against Sorenson for negligence and breach of fiduciary duty. Habeeb also brings a claim for accounting. (Def.'s App. at Ex. A, Tab 1). On April 1, 2004, Plaintiffs filed this case seeking to enjoin Habeeb from prosecuting the State Action.

## II. Analysis

The All Writs Act grants federal courts the authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This authority is limited by the Anti-Injunction Act, which generally prohibits federal courts from enjoining state court proceedings except when doing so is (1) expressly authorized by a federal statute; (2) necessary in aid of its jurisdiction; or (3) necessary to protect or effectuate

a prior judgment by a federal court.  28 U.S.C. § 2283; *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005).  Plaintiffs urge the application of the third exception, known as the "relitigation exception", which "was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court."  *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988).  Here Plaintiffs argue that the claims brought by Habeeb in the State Action arose out of the same nucleus of operative facts at issue in the First Federal Action and were thus required to have been brought there as compulsory counterclaims.  Because, Plaintiffs contend, those claims could have and should have been raised in the First Federal Action, principles of *res judicata* and collateral estoppel bar Habeeb from asserting them in the State Action.

Habeeb counters by arguing that the claims he is asserting in the State Action were not compulsory counterclaims in the First Federal Action because he was sued in his individual capacity in the First Federal Action while he brought suit only in a representative capacity in the State Action.  He also contends that a lack of complete identity of parties between the First Federal Action and the State Action bars the application of *res judicata* and that, in any event, the claims brought in the State Action do not arise out of the same set of operative facts that were at issue in the First Federal Action.

The Court need not determine whether the claims raised by Habeeb in the State Action were compulsory counterclaims in the First Federal Action because, even assuming that they were, this Court would not be empowered to enjoin the State Action.  The Fifth Circuit, relying on the Supreme Court's decision in *Chick Kam Choo*, has held that the relitigation exception of the Anti-Injunction Act applies only to those claims that were *actually litigated* in the federal court and not those claims that would be precluded by *res judicata* merely because they *could have been* litigated

3

there. *Texas Commerce Bank Nat'l Assoc. v. State of Florida*, 138 F.3d 179, 182 (5th Cir. 1998); *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Serv.*, 925 F.2d 866, 879-80 (5th Cir. 1991); *Summit Design Serv., Inc. v. La Place Sand Co., Inc.*, 1999 WL 10386, at *1 (E.D. La. Jan. 7, 1999). Courts have explicitly held that a federal court is barred by § 2283 from enjoining state proceedings involving claims that should have been, but were not, pleaded as compulsory counterclaims in a prior federal action. *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 852, 855, n.5 (9th Cir. 1981) ("Rule 13(a) has been held not to create an express statutory exception to the proscriptions of § 2283"); *Movado Group, Inc. v. Matagorda Ventures, Inc.*, 2000 WL 1154317, at *1 (S.D.N.Y. Aug. 14, 2000) ("Undoubtedly, res judicata can bar claims that might and should have been raised but were not, but, for Anti-Injunction Act purposes, only 'relitigation' can be enjoined."); *Wells' Dairy, Inc. v. The Estate of J.P. Richardson*, 89 F.Supp. 2d 1042, 1065 (N.D. Iowa 2000) (same); 6 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE, at § 1418 ("Clearly the language of Rule 13(a) cannot be construed as empowering the federal court to restrain state court proceedings.").

Plaintiffs here have neither alleged nor presented any evidence showing that *any* of the claims asserted by Habeeb in the State Action were *actually litigated* in the First Federal Action.[1] Instead Plaintiffs merely contend that the claims involved in the State Action arose from the same core of facts at issue in the First Federal Action and therefore *should have been* litigated there. Because the

---

[1] Indeed, a comparison of the complaint in the First Federal Action and the petition in the State Action reveals that the claims asserted in those actions are dissimilar. Plaintiffs' claims in the First Federal Action revolved around their charge that Habeeb infringed their intellectual property rights, breached fiduciary duties by usurping corporate opportunities, and damaged them by making certain disparaging remarks. In contrast, Habeeb's claims in the State Action center around Habeeb's contention that Plaintiffs mismanaged the affairs of GHE and breached various contracts and fiduciary duties.

State Action does not involve claims that were actually litigated by a prior federal court, this Court has no authority under § 2283 to enjoin the State Action from proceeding. *Chick Kam Choo*, 486 U.S. at 148 ("An essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court.").

Nor can Plaintiffs show (and, in fact, they do not even attempt to show) that any issues present in the State Action were *actually litigated* in the First Federal Action such to trigger the doctrine of collateral estoppel, or issue preclusion. Collateral estoppel is only appropriate if, among other things, an issue was "fully and vigorously litigated in the prior action." *U.S. v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). Here, the First Federal Action was resolved through an agreed judgment. "Such a judgment ordinarily does not give rise to issue preclusion or collateral estoppel." *Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1272 (5th Cir. 1986); *Arizona v. California*, 530 U.S. 416, 414 (2000); 18 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE , at § 4443 ("In most circumstances, it is recognized that consent agreements ordinarily are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented. Thus consent judgments ordinarily support claim preclusion but not issue preclusion."). Plaintiffs' request that this Court enjoin the State Action on grounds of collateral estoppel is therefore denied.

Finally, Plaintiffs have provided absolutely no basis for this Court to enjoin the State Action based on judicial estoppel. The doctrine is designed to "prevent[] a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (quoting *Ergo*

5

*Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996)). Two conditions must be satisfied before judicial estoppel can attach. First, the position of the party sought to be estopped must be clearly inconsistent with a position previously taken by that party, and second, that party must have convinced the court to accept the previously-held position. *Id.* Plaintiffs have failed to offer any argument or evidence on either element, nor have they put forth any legal basis by which the doctrine of judicial estoppel allows this Court to thwart a pending state court proceeding. In short, Plaintiffs have failed to demonstrate *any* basis permitting this Court to interfere with the State Action.

### III. Conclusion

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Summary Judgment and GRANTS Defendant's Cross Motion for Summary Judgment. The Court further finds that Plaintiffs are not entitled to a preliminary or permanent injunction in this matter. Finding no basis for this action to proceed, the Court will separately enter a final judgment in accordance with this opinion. The Clerk is directed to close this case.

**SO ORDERED**.

SIGNED August   26th   , 2005

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

6